IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSIE L. PEREZ, Individually, and as | ) | |
| Next Friend of JACQUALYN PEREZ | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3206 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID P. VIENS II, and COVENANT | ) | MEMORANDUM AND ORDER |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on three separate motions filed by the defendant: 1) a motion for leave to amend the answer, (filing no. 68); 2) a motion to extend the deposition and discovery deadline, (filing no. 63); and 3) a motion for a Rule 35 medical examination, (filing no. 60).  For the reasons set forth below the motions are granted.

## BACKGROUND

In this case the plaintiffs allege they received injuries as the result of the defendant Viens, an employee of defendant Covenant Transport, alleged negligent operation of a motor vehicle.   Pursuant to the various amended Final Progression Orders, the defendants were required to disclose experts and expert reports by July 15, 2010.  The defendants identified Patrick W. Bowman, M.D. as an expert witness to "testify with respect to his opinions regarding the proximate causation of the spinal injuries alleged by Mr. Perez."    The deadline for discovery and depositions was February 15, 2010.

The defendant took Mr. Perez's deposition on August 19, 2010.  Plaintiff's expert, Donn M. Turner, M.D. was deposed on November 11, 2010.  The defendants' former counsel moved to withdraw from representation on January 31, 2011.  His motion was

granted, (filing no. 64) and the defendants' current counsel entered their respective appearances on January 31, 2011 and February 2, 2011.  Counsel moved the court for an order authorizing a medical examination of the defendant pursuant to Fed. R. Civ. P. 35. Concurrently, the defendants moved to extend the discovery and deposition deadline until March 31, 2011.  Finally, on February 14, 2011, counsel for the defendants moved to amend their answer to include the affirmative defense of "failure to mitigate."

## ANALYSIS

### Motion to Amend Answer

The defendants have moved to amend their answer to include the defense of "failure to mitigate" damages.  The plaintiffs resist this motion, arguing any such amendment is untimely and prejudicial.  The court disagrees.

After the time for amending a pleading as a matter of course has expired, Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may only be amended if the opposing party provides written consent or with leave of the court. In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000) .

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(internal citations omitted).

2

The plaintiffs protest the proposed amendment, arguing that its allowance will set a series of events in motion that will end with the trial being delayed.  For their part, the defendants argue the current evidence on the record supports the "failure to mitigate" defense and additional discovery will not be needed.  The plaintiffs express concern that the defendants will have to name an additional expert to support its "failure to mitigate" defense.  Even if this assertion is true, the defendants will have to ask leave from the court to do so.  As the court has previously made clear, it has no intention of moving the current trial date and any motion by the defendant that will impact the trial date will be subject to a great deal of scrutiny.  Thus, the court finds no undue delay, bad faith or dilatory motive on the part of the defendants and the motion to amend will be granted.

### Motion to Extend Discovery and Deposition Deadline

The defendants' new counsel also requests an extension of the discovery and deposition deadline until March 31, 2011.  Under Fed. R. Civ. P. 6(b) the court may "for good cause" extend deadlines.  See also Fed. R. Civ. P. 16(b)(4) (scheduling order may be modified for good cause and with the judge's consent).

The defendant argues additional time is necessary for new counsel to "review and become familiar with the extensive record in this matter, and to initiate and complete any remaining discovery necessary to properly represent the interests of the Defendants at trial."  Filing No. 63, ¶3.  Although the plaintiffs initially resisted this motion, they apparently no longer have an objection to extending discovery into March as he recently filed a Notice to Take Deposition, scheduled for March 25, 2011.  Finding the plaintiffs will not suffer any prejudice by extending the deposition and discovery deadline, and that good cause exists, the defendants' motion is granted.  However, the defendants are reminded that the extension is primarily to help new counsel review the file and complete any final discovery on the

3

issues already in dispute in the case, it does not provide the defendants with a license to conduct discovery that will further delay the progression of this case.

**Motion for Rule 35 Exam**

The defendants have moved to have Mr. Perez submit to a medical exam pursuant to Fed. R. Civ. P. 35.  The examination may be ordered only when a party has placed his or her mental or physical condition "in controversy" and when "good cause" is demonstrated by the moving party.  Fed. R. Civ. P. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964).   The decision to allow a Rule 35 medical examination, together with the proper scope and procedures applicable to the examination, are within the sound discretion of the court.  Sanden v. Mayo Clinic, 495 F.2d 221, 225 (8th Cir. 1974).

In this case, there is no question Mr. Perez's physical condition is at issue.  Likewise the court finds "good cause" exists for the exam since, based on the deposition testimony of Mr. Perez and Dr. Turner and the length of time since his last examination, the nature of Mr. Perez's current physical limitations are at issue and worthy of an update.

Mr. Perez also argues that the request for the Rule 35 exam is untimely. Mr Perez asserts that the request comes seven months after the deadline for expert disclosures and reports under Fed. R. Civ. P. 26(a) and involves a previously undisclosed expert.  Thus, he argues, the defendant is attempting to "bootstrap" expert testimony despite the fact this request comes well past the established deadline for the disclosure of experts and expert reports.

The defendant argues that Rules 26 and 35 operate independently of one another. Thus, the defendant alleges, a request for a Rule 35 exam simply needs to come prior to the end of the discovery period and is not governed in any way by Fed. R. Civ. P. 26(a).

4

The courts that have addressed the interaction between Rules 26 and 35 have split on the issues of when the request for a Rule 35 examination must occur.  Compare Waggoner v. Ohio Central Railroad, Inc., 242 F.R.D. 413 (S.D. Ohio 2007) (finding Rule 35 operates independent of the deadlines set forth in Rule 26(a),  with Shumaker v. West, 196 F.R.D 454 (S.D.W.Va. 2000)(holding Rule 35 requests and reports must comply with Rule 26). Waggoner involved a case in which the defendant sought to extend the expert report deadline in order to have a Rule 35 examination conducted on the plaintiff.  Although, the defendant had previously disclosed the examining physician as an expert, the request for the exam and the report were not completed prior to the expiration of the expert disclosure and report deadline.  The Waggoner court held that "Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2)." Id. at 414. In support of its holding the court pointed to the differences in the content requirements of the expert report and the Rule 35 report, the differing requirements to disclose the reports, and the usual difference in the use of the respective reports.  Id.; see also Bush v. Pioneer Human Services, case no. C09-0518 RSM, 2010 WL 324432 at *5 (W.D. Wash. 2010)(finding Rule 26 and Rule 35 operate independently of one another).

While the court generally agrees that a clear distinction exists between the two federal rules, and a Rule 35 exam does not necessarily have to be requested prior to the expiration of the expert disclosure and discovery deadline, as other courts have noted, the distinction evaporates when the moving party attempts to use the Rule 35 examiner and Rule 35 report in the place of a Rule 26(a)(2) expert and expert report.  See Shumaker, 196 F.R.D. at 455-56; see also Minnard v. Rotech Healthcare, Inc., Case No. S-06-1460, 2008 WL 150502 at * 2-3 (E.D. Cal. 2008)(rejecting "defendant's assertion that an expert may routinely testify to matters discovered in a Rule 35 examination, regardless of the expert provisions in a scheduling order, so long as the exam is taken prior to discovery cutoff").   Indeed, the Waggoner court described one of the primary differences between an expert report and a Rule 35 report as follows:

> At the time a party requests a Rule 35 examination, it is not necessarily the case that the examining physician will be called to testify at trial. Often, the results of the examination simply confirm what the injured party's doctors have reported, and the Rule 35 examiner therefore serves only as a consultant to the defending party and not as a trial witness.

Waggoner, 242 F.R.D. at 414. This difference disappears where the Rule 35 examination request comes at the close of discovery and is initiated for the purpose of providing expert testimony at trial, particularly where the defendant seeks an opinion regarding the cause of the plaintiff's physical limitations.

In this case, the defendant initially asserts the need for a Rule 35 examination to receive a current report on Mr. Perez's physical limitations. Due the length of time that has passed since his last examination, and the differing testimony of Mr. Perez and his physician, such a request is reasonable and to that extent the motion is granted, provided the examination and any subsequent deposition of the examiner can be completed by March 31, 2011.

The defendant also states that the examination is necessary to address the cause of the plaintiff's alleged injury. The defendant notes that it expects its witnesses to be cross examined about "their stale information and lack of personal observation of the Plaintiff" and that the Rule 35 examination will help it respond to such attacks. Filing No. 75, p. 7. Of course, this problem was foreseeable from the beginning of discovery, yet the defendant made no attempt to designate an expert to examine the plaintiff prior to the expiration of the expert deadline, or in the nearly seven months after his deposition, or in the almost three months after the plaintiff's physician's testimony. Under this set of facts, the court finds the Rule 35 examiner is more akin to a treating physician than a retained expert. Thus, the court will entertain a motion in limine filed by the plaintiffs regarding any attempts by the defendants to use the Rule 35 examiner's testimony on topics beyond the scope of a non-retained treating physician's testimony. See e.g., Brooks v. Union Pacific Railroad

Company, 620 F.3d 896, 900 (8th Cir. 2010) (finding a treating physician's testimony regarding the causation of the plaintiff's medical condition was excluded where the plaintiff did not comply with Rule 26(a)(2)).

IT IS ORDERED:

1)   Defendant's motion for leave to amend its answer (filing no. 68) is granted. The amended answer shall be filed on or before March 11, 2011.

2)   Defendant's motion to extend the discovery and deposition deadline until March 31, 2011, (filing no 63) is granted.

3)   Defendant's motion for a Rule 35 examination, (filing no. 60)  is granted provided the examination and any deposition scheduled after the examination can be completed by the close of discovery.

DATED this 8th day of March, 2011.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.