IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSIE L. PEREZ, individually and as next friend of JACQUALYN PEREZ, | Case No. 4:09cv3206 |
| Plaintiff, | **ORDER ON** |
| | **FINAL PRETRIAL** |
| vs. | **CONFERENCE** |
| DAVID P. VIENS, II, and COVENANT TRANSPORT, INC., | |
| Defendants. | |

A final pretrial conference was held on the 20th day of April, 2010 by WebEx conferencing. Appearing for the parties as counsel were:

    James L. Cox, Jr.
    Rossi Cox Vucinovich Flaskamp, PC
    3801 East Florida Ave., Suite 905
    Denver, CO 80210

    Steven D. Davidson
    Jennifer D. Tricker
    Baird Holm LLP
    1500 Woodmen Tower
    Omaha, NE 68102

    **(A)**   **Exhibits.** See attached Exhibit List.

    **(B)**   **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. An accident occurred on April 18, 2008, in a rest area off Nebraska Interstate 80 approximately two miles east of York, Nebraska, involving a vehicle operated by Plaintiff Jessie Perez and a vehicle owned by Defendant Covenant Transport, Inc. and operated by Defendant David Viens, an employee of Covenant.

2. The negligence of Defendant David Viens was the proximate cause of the vehicle collision that gives rise to this action.

3. Defendant David Viens was in the course and scope of his employment with Defendant Covenant Transport, Inc., at the time of the collision.

4. The negligence of Defendant David Viens is imputable by operation of law to Defendant Covenant Transport, Inc.

**(C)   Controverted and Unresolved Issues.**  The issues remaining to be determined and unresolved matters for the court's attention are:

1. Was the collision the proximate cause of some injury or damage to the Plaintiff.

2. What is the nature and extent of any injury and damage to the Plaintiff that was proximately caused by the collision.

3. Did Jessie Perez mitigate his damages—as to both medical care and employment.

**4.** Should the testimony of Jake DeNell, P.T., be excluded as untimely disclosed expert testimony.  **Will be resolved when the court rules on the deposition objections and motions in limine as to this witness—due to be filed on or before May 6, 2011.**

**5.** Should the testimony of Donn M. Turner, M.D., regarding the report of Jake DeNell, P.T., be excluded as inadmissible hearsay, as lacking foundation, and as involving the content of untimely disclosed expert

      testimony. **Will be resolved when the court rules on the deposition objections and motions in limine as to this witness—due to be filed on or before May 6, 2011.**

**6.** Should the testimony of James Horrocks, M.D., who performed a Rule 35 examination, be permitted on the subject of causation. **Will be resolved when the court rules on the deposition objections and motions in limine as to this witness—due to be filed on or before May 6, 2011.**

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Jessie Perez (will call)
2. Officer John Prusia (will call)
3. Marcello Sanchez (will call – by video deposition)
4. Ricky Tilford (will call – by video deposition)
5. Douglas Cook (will call – by deposition)
6. Jeffrey Yosten, M.D. (may call)
7. Kerry McDonald, M.D. (will call – by video deposition)
8. Richard Murphy, M.D. (may call)
9. Stephen Doran, M.D. (will call – by video deposition)
10. Donn Turner, M.D. (will call – by video deposition)
11. Cleve Hartman, M.D. (will call – by video deposition)
12. Jake Denell, PT (will call – by video deposition)
13. Pat Pfeifer (will call)
14. James Bobenhouse, M.D. (may call)
15. Dan Peetz, PT (may call)

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. David P. Viens, II (may call) **Viens' whereabouts has previously been unknown and therefore not disclosed to the plaintiff. Accordingly, the plaintiff will object if this witness/defendant is called to testify at trial because plaintiff has been unable to obtain discovery (written or deposition) from Viens.**

2. Kent Allison, M.D. (will call – by video deposition)

      3.      Craig Bartroff, M.D. (will call—by video deposition)
      4.      Steve Koenig (may call)
      5.      Deanna Salazar (may call)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)** **Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

      1.      David J. Bilek, P.E.
      2.      Jeffrey B. Opp. **The plaintiff intends to provide an updated economic report from this expert, updated to reflect a May 9, 2011 trial date. Defendant reserves the right to object to the updated report.**

Experts to be called by defendant and their qualifications are:

      1.      James Horrocks, M.D. **Plaintiff objects that this expert witness was not timely disclosed. The objection will be resolved when the court rules on the deposition objections and motions in limine as to this witness—due to be filed on or before May 6, 2011.**

      2.      Wilson C. "Toby" Hayes, Ph.D.
      3.      Mark S. Erickson, P.E.
      4.      Christopher L. Bartlett, Ph.D.

A curriculum vitae for each expert is attached.

**(F)** **Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

**The court will ask preliminary questions.** Thereafter, the parties will have 30 minutes of voir dire per side.

**(G)** **Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest:

Plaintiff requests a jury of seven.
Defendant requests a jury of twelve.

**The case will be tried to a jury of seven or eight.**

**(H)** **Verdict.** The Defendants will not stipulate to a less-than-unanimous verdict.

**(I)** **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable: trial briefs (if any) and proposed jury instructions shall be filed on or before May 4, 2011.

**(J)** **Length of Trial.** Counsel estimate the length of trial will consume not less than 4 days, not more than 5 day(s), and probably about 5 day(s).

**(K)** **Trial Date.** Trial is set for May 9, 2011.

Additional deadlines:

1)   On or before **April 27, 2011**, the defendant will disclose the documentation for all testing of the plaintiff performed by Dr. Horrocks, copies of any documents Dr. Horrocks relied on in performing his examination, creating his report, and/or formulating his opinions (if any), and all records provided to Dr. Horrocks for the Rule 35 examination.

2)   On or before **April 29, 2011**, the parties shall: 1) file their updated exhibit list, and 2) submit a copy of the exhibit list in MS Word or WordPerfect format by email to zwart@ned.uscourts.gov.

3)   To the extent the deposition transcripts are available, on or before **April 29, 2011**, the parties shall submit to the court copies of the transcripts of deposition testimony to be offered at trial, along with any objections to this proffered testimony.

4) On or before **May 6, 2011**, the defendant shall file the transcript of Jake DeNell's deposition, the defendant's objections to this witness and/or his testimony, and any brief in support of its objections. Plaintiff's response to any objections raised by defendant regarding witness Jake DeNell shall be filed on or before **May 8, 2011** at noon (C.D.T.).

Dated this 20th day of April, 2011

JESSIE L. PEREZ, individually and as next friend of JACQUALYN PEREZ, Plaintiff,

s/ James L. Cox, Jr.
James L. Cox, Jr.
Rossi Cox Vucinovich Flaskamp, PC
3801 East Florida Ave., Suite 905
Denver, CO 80210
(303) 759-3500

DAVID P. VIENS, II, and COVENANT TRASPORT, INC., Defendants

s/ Steven D. Davidson
Steven D. Davidson
Jennifer D. Tricker
Baird Holm LLP
1500 Woodmen Tower
Omaha, NE 68102
(402) 344-0500

BY THE COURT:

_____
United States Magistrate Judge

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

JESSIE L. PEREZ, individually and as next friend of JACQUALYN PEREZ,

    Plaintiff,

v.

DAVID P. VIENS, II, and COVENANT TRANSPORT, INC.,

    Defendants.

Case No. 4:09cv3206

**EXHIBIT LIST**

**Unless an objection is listed below, the document will be received if offered by either party.**

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 1 |  | Drawing of accident scene by Jessie Perez |  | F,R,H,O |  |  |  |
| 2 |  | Photographs of Plaintiff's vehicle |  |  |  |  |  |
| 3 |  | Photographs of Plaintiff's vehicle |  |  |  |  |  |
| 4 |  | Photographs of Plaintiff's vehicle |  |  |  |  |  |
| 5 |  | American Steel 4XOutfitters Invoice 06/21/08 |  |  |  |  |  |
| 6 |  | Fresh Air Invoice 08/07/09 |  |  |  |  |  |
| 7 |  | Schematic of a 1996 Chevrolet Cavalier |  | F,R,H,O |  |  |  |
| 8 |  | Right strut, Anchor Replacement Parts |  | F,R,H,O |  |  |  |
| 9 |  | Engine mount, Anchor Replacement Parts |  | F,R,H,O |  |  |  |
| 10 |  | Transmission mount, Anchor Replacement Parts |  | F,R,H,O |  |  |  |
| 11 |  | Copy of State of Nebraska Investigator's Motor Vehicle Accident Report dated 04/13/08 |  |  |  |  |  |
| 12 |  | Email from Jan Stuhr, York County Sheriff's Office, 02/02/10 re 911 recording, file (7 pp) |  | F,R,H,O |  |  |  |
| 13 |  | Satellite view of York Rest Area |  |  |  |  |  |
| 14 |  | Custard Insurance Adjusters Claim Photo 07/31/09 (4 pp) |  | F,R,H,O |  |  |  |
| 15 |  | Photographs of Plaintiff's vehicle |  |  |  |  |  |
| 16 |  | Photographs of Plaintiff's vehicle |  |  |  |  |  |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 17 | | Photographs of Plaintiff's vehicle | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | Medical record Lakeside Hospital Emergency Records 04/13/08 | | | | | |
| 29 | | Office records of Dr. Doran dated 06/18/08, 06/24/08, and 07/30/08 (8 pp) | | | | | |
| 30 | | Picture of cervical MRI with contrast 05/23/08 ordered by Dr. Murphy (Bergan Mercy) – film | | | | | |
| 30A | | Cervical MRI with contrast 05/23/08 ordered by Dr. Murphy (Bergan Mercy) – report (2 pp) | | | | | |
| 30B | | Cervical MRI with contrast 05/23/08 ordered by Dr. Murphy (Bergan Mercy) – film | | | | | |
| 31 | | Registration Information 08/12/08 (Front Range Center for Brain & Spine Surgery, P.C.) (6 pp) | | | | | |
| 32 | | Oswestery Back Disability Index dated 08/12/08 (Front Range Center for Brain & Spine Surgery) | | | | | |
| 33 | | Oswestery Neck Disability Index dated 08/12/08 (Front Range Center for Brain & Spine Surgery) | | | | | |
| 34 | | Operative Note 09/02/08 re neck fusion by Dr. Turner (Poudre Valley Health System) (2 pp) | | | | | |
| 35 | | Oswestery Neck Disability Index dated 11/19/08 (Front Range Center for Brain & Spine Surgery) | | | | | |
| 36 | | Cervical x-ray 11/19/08 ordered by Dr. Turner (Cheyenne Radiology & MRI) – report | | | | | |
| 36A | | Cervical x-ray 11/19/08 ordered by Dr. Turner (Cheyenne Radiology & MRI) – film Se: 1003/3 | | | | | |
| 36B | | Cervical x-ray 11/19/08 ordered by Dr. Turner (Cheyenne Radiology & MRI) – film Se: 1002/3 | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 36C | | Cervical x-ray 11/19/08 ordered by Dr. Turner (Cheyenne Radiology & MRI) – film Se: 1001/3 | | | | | |
| 37 | | Lumbar CT 04/21/09 ordered by Dr. Hartman (Great Plains) – report (2 pp) | | | | | |
| 38 | | Medical History form 08/26/09 (Front Range Center for Brain & Spine Surgery) (4 pp) | | | | | |
| 39 | | Lumbar MRI 09/03/09 ordered by Dr. Hartman (Great Plains) - report | | | | | |
| 39A | | Lumbar MRI 09/03/09 ordered by Dr. Hartman (Great Plains) - film | | | | | |
| 40 | | Operative Report 10/16/09 re back fusion by Dr. Turner (Poudre Valley) (2 pp) | | | | | |
| 41 | | Lumbar x-ray 03/08/10 ordered by Dr. Turner (Great Plains) – film (LATERAL) | | | | | |
| 42 | | Lumbar x-ray 03/08/10 ordered by Dr. Turner (Great Plains) – film (AP/OBL) | | | | | |
| 42A | | Lumbar x-rays 03/08/10 ordered by Dr. Turner (Great Plains) - report | | | | | |
| 43 | | Letter To Whom It May Concern from Dr. Hartman 04/30/09 re unable to work | | F,R,H,O | | | |
| 44 | | Lumbar x-ray 08/17/10 ordered by Dr. Turner (Great Plains) – report | | | | | |
| 45 | | Lumbar x-ray 08/17/10 ordered by Dr. Turner (Great Plains) - report | | | | | |
| 46 | | Exemplars of "hardware" in Mr. Perez's neck | | F,R,H,O | | | |
| 47 | | | | | | | |
| 48 | | Exemplars of "hardware" in Mr. Perez's back | | F,R,H,O | | | |
| 49 | | | | | | | |
| 50 | | UP Medical Rules Overview | | F,R,H,O | | | |
| 51 | | UP 90.4 Medical Rules (13 pp) | | F,R,H,O | | | |
| 52 | | UP Locomotive Engineer Job Description Brief (3 pp) | | F,R,H,O | | | |
| 53 | | Correspondence from W.R. (Rick) Turner, Vice-President Labor Relations, Union Pacific Railroad Company to All General Chairmen dated February 4, 2011 regarding rules governing all Fitness-for-Duty Activities | | F,R,H,O | | | |
| 54 | | Union Pacific Railroad videotape titled "So You Want To Be A Locomotive Engineer" | | F,R,H,O | | | |
| 55 | | Photograph of Engineer Seat –USSC "9010" | | F,R,H,O | | | |
| 56 | | Photograph of Engineer Seat – Seats Inc. | | F,R,H,O | | | |
| 57 | | Photograph of Engineer Seat – Coach/Car "Cadillac" | | F,R,H,O | | | |
| 58 | | Photograph of Engineer Seat – Jagger "Cabmaster | | F,R,H,O | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 59 | | Union Pacific Railroad videotape titled "Proper Handbrake Operation." | | F,R,H,O | | | |
| 60 | | Ellcon National Model 800-LG Operating and Maintenance Instructions issued February 1, 2000 | | F,R,H,O | | | |
| 61 | | Ellcon National 210 Series Hand Brakes | | F,R,H,O | | | |
| 62 | | Union Pacific Railroad Air Brake and Train Handling Rules: (a) 30.0 - Air Brake Tests; (b) 30.1.1 - Inspecting and Testing Brake Equipment; (c) 30.1.2 - Responsibility for Required Air Tests; (d) 30.1.3 - Coupling and Securing Air Hoses; (e) 31.0 – Train Operation and Train Handling Rules; (f) 31.1 – Locomotives, Cars or Train Standing; (g) 31.1.1 – Equipment Unattended; (h) 31.1.2 – Locomotives Unattended | | F,R,H,O | | | |
| 63 | | Union Pacific PB-20300 (updates to the General Code of Operating Rules effective April 3, 2005). | | F,R,H,O | | | |
| 64 | | Union Pacific GCOR – General Code of Operating Rules, Fifth Edition, Effective April 3, 2005 | | F,R,H,O | | | |
| 65 | | GCOR 1.1 | | F,R,H,O | | | |
| 66 | | GCOR 1.2 | | F,R,H,O | | | |
| 67 | | GCOR 7.2 | | F,R,H,O | | | |
| 68 | | North Platte Career Center printout | | F,R,H,O | | | |
| 69 | | "Whole-Body Vibration Exposure Study in U.S. Railroad Locomotives – An Ergonomic Risk Assessment," *AIHA Journal*, July/August 2002, pp.439-446 | | F,R,H,O | | | |
| 70 | | "Whole-body vibration and ergonomic study of US railroad locomotives," *Journal of Sound and Vibration*, 298 (2006) 594-600 | | F,R,H,O | | | |
| 71 | | Covenant Transport "About Us" printout (http://www.covenanttransport.com/cms/About+Us/2.html) | | F,R,H,O | | | |
| 72 | | Video surveillance taken 04/13/08 (Defendant's Supplemental Rule 26(a)(1) Disclosures 03/18/11) | | | | | |
| 73 | | TransNet report to Covenant Transportation dated 12/20/10 | | | | | |
| 74 | | TransNet Investigative Services, Inc. video surveillance taken 01/17/11-01/20/11 (Agent 1) | | | | | |
| 75 | | TransNet Investigative Services, Inc. video surveillance taken 01/19/11-01/20/11 (Agent 2) | | | | | |
| 76 | | TransNet Investigative Services, Inc. video surveillance taken 01/21/11 and 01/22/11 | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 77 | | TransNet report to Covenant Transportation dated 01/27/11 | | | | | |
| 78 | | Report of David J. Bilek, P.E., and David A. Vellos, Mechanical Systems Analysis, Inc., 11/19/10 | | F,R,H,O | | | |
| 79 | | CV of David J. Bilek, P.E. | | | | | |
| 80 | | Testimonial history of David J. Bilek, P.E. | | F,R,H,O | | | |
| 81 | | Fee schedule for Mechanical Systems Analysis, Inc. | | F,R,H,O | | | |
| 82 | | | | | | | |
| 83 | | | | | | | |
| 84 | | | | | | | |
| 85 | | | | | | | |
| 86 | | | | | | | |
| 87 | | | | | | | |
| 88 | | | | | | | |
| 89 | | | | | | | |
| 90 | | | | | | | |
| 91 | | | | | | | |
| 92 | | | | | | | |
| 93 | | | | | | | |
| 94 | | | | | | | |
| 95 | | | | | | | |
| 96 | | | | | | | |
| 97 | | Complete file of Dr. Hartman | | | | | |
| 98 | | CV of Cleve H. Hartman, M.D. | | | | | |
| 99 | | Complete file of Dr. Turner | | | | | |
| 100 | | CV Donn M. Turner, M.D. | | | | | |
| 101 | | Complete file of Dr. Murphy | | | | | |
| 102 | | CV of Richard P. Murphy, M.D. | | | | | |
| 103 | | Correspondence (03/01/11) and FCE (02/24/11) from Jake DeNell, PT (11 pp) | | F,R,H,O (see motion in limine) | | | |
| 104 | | CV of Jake DeNell, PT | | F,R,H,O (see motion in limine) | | | |
| 105 | | Complete file of Dr. Doran | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 106 | | CV of Stephen E. Doran, M.D. | | | | | |
| 107 | | Complete file of Dr. Bobenhouse | | | | | |
| 108 | | CV of James A. Bobenhouse, M.D. | | | | | |
| 109 | | | | | | | |
| 110 | | Complete file of Dr. McDonald | | | | | |
| 111 | | EMG and Nerve Conduction | | | | | |
| 112 | | CV of Kerry A. McDonald, M.D. | | | | | |
| 113 | | | | | | | |
| 114 | | | | | | | |
| 115 | | Family Physical Therapy Treatment Notes of Dan Peetz, PT (1 p) | | | | | |
| 116 | | Correspondence 12/23/08 from Dan Peetz, PT, to Dr. Doran | | | | | |
| 117 | | CV of Dan Peetz, PT | | | | | |
| 118 | | | | | | | |
| 119 | | Union Pacific Railroad Report of Personal Injury or Occupational Illness 05/20/08 | | F,R,H,O | | | |
| 120 | | Union Pacific Railroad Request for Family or Medical Leave 06/06/08 | | F,R,H,O | | | |
| 121 | | Correspondence 06/24/08 from Ms. Clark, Union Pacific Railroad, to Mr. Perez, re MLOA | | F,R,H,O | | | |
| 122 | | Tax returns 2000, 2005, 2006, 2007 | | R,O | | | |
| 123 | | Earnings history January 2000 – December 2008 | | F,R,H,O | | | |
| 124 | | Report of Jeffrey B. Opp, Caulson Opp & Associates 11/05/10 | | F,R,H,O | | | |
| 125 | | Report of Jeffrey B. Opp, Caulson Opp & Associates | | F,R,H,O | | | |
| 126 | | CV of Jeffrey B. Opp | | | | | |
| 127 | | Testimonial history of Jeffrey B. Opp | | F,R,H,O | | | |
| 128 | | Fee scheduled of Jeffrey B. Opp | | F,R,H,O | | | |
| 129 | | Plaintiff Jessie L. Perez's Answers to Defendant's Interrogatories 03/01/10 | | R,O | | | |
| 130 | | Defendant's Supplemental Rule 26(a)(1) Disclosures 01/25/10 | | R,O | | | |
| 131 | | Defendant's Supplemental Rule 26(a)(1) Disclosures 03/18/11 (TransNet Investigation Services reports/videos) | | R,O | | | |
| 132 | | | | | | | |
| 133 | | | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| 134 | | | | | | | |
| 135 | | | | | | | |
| 136 | | | | | | | |
| | 200 | Investigator's Motor Vehicle Accident Report, 4/13/08 | | | | | |
| | 201 | Photograph of Perez vehicle | | | | | |
| | 202 | Photograph of Perez vehicle | | | | | |
| | 203 | Photograph of Perez vehicle | | | | | |
| | 204 | Photograph of Perez vehicle | | | | | |
| | 205 | Aerial photograph of rest area | | | | | |
| | 206 | Photo of Perez with truck | | | | | |
| | 207 | Estimate, Fresh Aire Kustom Grafix & Airbrushing, 4/22/08 | | | | | |
| | 208 | Estimate, American Steel 4X4 Outfitters, 5/16/08 | | | | | |
| | 209 | Surveillance video (full) | | F | | | |
| | 210 | Surveillance video (edited) | | F | | | |
| | 211 | Bartruff report | | | | | |
| | 212 | Hartman office notes | | R, Cum, 403 | | | |
| | 213 | Complete Family Medicine office notes | | F, H, R | | | |
| | 214 | McDonald office notes | | | | | |
| | 215 | Xray report; 4/13/08, Lakeside Hospital (from McDonald) | | | | | |
| | 216 | Cholesterol test results report; 5/1/08 (from McDonald) | | | | | |
| | 217 | MRI report cervical spine, 5/23/08; Alegent Health (from McDonald) | | | | | |
| | 218 | MRI report shoulder, 5/23/08, Alegent Health (from McDonald) | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
| | 219 | Cholesterol test results report; 9/18/08 (from McDonald) | | | | | |
| | 220 | Medical Assessment form, section 1, 11/26/08 (from McDonald) | | | | | |
| | 221 | Nurse notes, 1/21/09 (from McDonald) | | | | | |
| | 222 | EMG report, 5/9/08 (from McDonald) | | | | | |
| | 223 | Doran office notes | | | | | |
| | 224 | Family Physical Therapy treatment notes | | | | | |
| | 225 | Letter, Peetz to Doran, 12/23/08 | | | | | |
| | 226 | Turner office notes (narrative notes) | | F, Cum | | | |
| | 227 | Turner work status report, 8/28/08 | | F, Cum | | | |
| | 228 | Supplemental Doctor's Statement, 9/8/08 (from Turner) | | F, Cum | | | |
| | 229 | Turner work status report, 11/19/08 | | F, Cum | | | |
| | 230 | Supplemental Doctor's Statement, 11/24/08 (from Turner) | | F, Cum | | | |
| | 231 | Turner work status report, 2/3/09 | | F, Cum | | | |
| | 232 | Lakeside Hospital emergency record, 4/13/08 | | | | | |
| | 233 | Horrocks CV | | All Obj. reserved | | | |
| | 234 | Hayes CV | | | | | |
| | 235 | Erickson CV | | | | | |
| | 236 | Bartlett CV | | | | | |

| Plaintiff Exhibit No. | Defendant Exhibit No. | DESCRIPTION | OFFER | OBJECTION | REC'D | NOT REC'D | DATE |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

**OBJECTIONS**
**R: Relevancy**
**H: Hearsay**
**A: Authenticity**
**O: Other - Rule 403**
**Cum:  Cumulative**

DOCS/1032299.1